**David E. BECKHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00281–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 2000.

Rehearing Overruled Nov. 20, 2000.

conversion. Having found that these claims were not properly at issue, we do not need to reach this analysis.

R.H. Bielstein, Richmond, for appellants.

David P. Bosserman, Jerilynn K. Yenne, Angleton, for appellees.

Panel consists of Justices YATES, FOWLER, and FROST.

## O P I N I O N

WANDA McKEE FOWLER, Justice.

Appellant, David E. Beckham, was indicted for the felony offense of aggravated sexual assault of a child. Over his plea of not guilty, a jury found him guilty as charged and sentenced him to serve ten years' confinement in the Texas Department of Criminal Justice–Institutional Division and to pay a $10,000.00 fine. Beckham appeals his conviction on four points of error. We affirm for the following reasons: (1) the evidence is legally sufficient to support his conviction; (2) he has waived any complaint on appeal regarding the victim's hearsay statement to an "outcry" witness; and (3) he had an opportunity to confront and cross-examine the victim about her out-of-court statement.

### FACTUAL BACKGROUND

Appellant was accused of sexually assaulting A.B., his three year old daughter. Appellant and A.B.'s mother had recently divorced and, following a two-week visita-

tion with appellant, A.B.'s grandmother reportedly observed A.B. placing her finger inside her vagina. A.B.'s grandmother told her, "Oh no, A.B., we don't do that. That's not good." In response, A.B. told her grandmother that, "My daddy says I can and he tell [sic] me put my finger there and he put his finger there." When A.B.'s grandmother asked her if she told appellant to stop, A.B. responded that she had, but that appellant did not stop and that he had hit her. A.B. told her grandmother that these events happened in the living room of appellant's home.

At trial, the State made A.B. available to testify but indicated to the trial court that it did not intend to call A.B. as a witness. Instead, the State announced that it intended to introduce A.B.'s testimony through an outcry witness, A.B.'s grandmother, pursuant to Article 38.072 of the Texas Code of Criminal Procedure.[1] The trial court held a hearing, outside the jury's presence, to determine the admissibility of A.B.'s hearsay statement. Both the grandmother and A.B. testified at that hearing. Following that hearing, the trial court found that A.B. was competent and allowed the grandmother to relate A.B.'s statement to the jury.

## DISCUSSION

### Legal Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence is legally insufficient to support his conviction for aggravated sexual assault of a child. Specifically, appellant argues that the evidence was insufficient to prove that he intentionally or knowingly penetrated A.B.'s sexual organ by inserting his finger or other object. We disagree.

When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex.Crim.App.1993). This same standard of review applies to cases involving both direct and circumstantial evidence. See King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). On appeal, this court does not reevaluate the weight and credibility of the evidence, but we consider only whether the jury reached a rational decision. See Muniz v. State, 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

Sexual assault is proven when the State shows that the defendant "intentionally or knowingly caused the penetration of the anus or female sexual organ of a child by any means." TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i) (Vernon Supp. 2000). Penetration of the female sexual organ may be proven circumstantially. See Nilsson v. State, 477 S.W.2d 592, 595 (Tex.Crim.App.1972). Circumstantial evidence is no less trustworthy or less probative than direct evidence. See Jiminez v. State, 953 S.W.2d 293 (Tex.App.—Austin 1997, no pet.). Additionally, a sexual assault victim need not testify as to penetration. See Villalon v. State, 791 S.W.2d 130, 133 (Tex.Crim.App.1990).

The jury is the sole judge of the facts, the witnesses' credibility, and the weight to be given the evidence. See Clewis, 922 S.W.2d at 129; Penagraph v. State, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981). Therefore, the jury may choose to believe or disbelieve any portion of the witnesses' testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). Contradictions or conflicts between the witnesses' testimony do not destroy the sufficiency of the evidence; rather, they relate to the weight of the evidence, and the credibility the jury assigns to the witnesses. See Weisinger v. State, 775 S.W.2d 424, 429 (Tex.App.—Houston [14th

---

1. As required by article 38.072, the State notified appellant of its intent to introduce A.B.'s hearsay statement in this manner in May of 1997, four months prior to trial.

Dist.] 1989, pet. ref'd). The jury exclusively resolves conflicting testimony in the record. *See Heiselbetz v. State,* 906 S.W.2d 500, 504 (Tex.Crim.App.1995). A reviewing court may not substitute its conclusions for that of the jury, nor may it interfere with the jury's resolution of conflicts in the evidence. *See id.*

Here, although A.B. did not testify, circumstantial evidence from other witnesses proves that appellant knowingly or intentionally penetrated A.B.'s female sexual organ. A.B.'s outcry statement was admitted through her grandmother's testimony. A.B.'s grandmother testified that A.B. told her appellant penetrated her female sexual organ with his finger.[2] In addition, two pediatricians who examined A.B. testified that her physical condition was consistent with penetration of her female sexual organ. Dr. Gant testified that A.B. immediately let her examine her private area, which is unusual because most children her age are hesitant at such examinations. A.B.'s hymen spread to about five millimeters, which was not normal for a child her age. Dr. Gant noted that A.B. would have had to experience a forced movement for her hymen to reach this spread. She concluded that A.B. had been fondled, and that appellant had very possibly penetrated her female sexual organ with his finger. Dr. Lukefahr, who also examined A.B., testified that A.B.'s hymen was narrower or less substantial than normal, and that sexual abuse is the most common cause of this finding.

A.B.'s mother and her babysitter also testified that A.B.'s behavior changed after the reported abuse by appellant. She regressed in her potty training, she acted aggressively toward others, and she had frequent nightmares. She fought with other children, and refused to wear her favorite nightgown, which she called her "princess nightgown." Overall, testimony showed that A.B. changed from being happy and outgoing to angry and withdrawn.

Viewing this evidence in the light most favorable to the verdict, we find that a rational trier of fact could infer beyond a reasonable doubt that appellant intended to penetrate A.B.'s female sexual organ. Thus, we find the evidence legally sufficient to sustain appellant's conviction for aggravated sexual assault of a child, and overrule appellant's first point of error.

### A.B.'s Outcry Statement

Appellant's second, third, and fourth points of error address the trial court's decision, based on article 38.072 of the Texas Code of Criminal Procedure, to admit A.B.'s hearsay statement through an outcry witness.[3] In his second point of error, appellant argues that the trial court erred by admitting A.B.'s outcry statement under article 38.072 because the State did not call A.B. to testify as a witness. In his third and fourth points of error, appellant contends that, because A.B. was not called to testify, his constitutional rights of confrontation, cross-examination, and due of course of law were violated.[4] Appellant

---

**2.** In his second, third, and fourth points of error, appellant complains that the trial court erred in admitting A.B.'s outcry statement pursuant to article 38.072 of the Texas Code of Criminal Procedure. As discussed more fully below, we find that the trial court did not err in admitting A.B.'s out-of-court statement under article 38.072 or, if it did, error was waived on that issue. However, outcry testimony admitted under article 38.072, even if erroneously admitted, must be considered as having probative value in determining sufficiency of the evidence. *See Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App. 1991).

**3.** Although appellant argues that the State failed to show availability and reliability as a prerequisite to admitting A.B.'s testimony, appellant's objection was based on a violation of the State and Federal due process and confrontation clauses. Further, as we explain below, appellant waived any objection on these grounds.

**4.** Appellant argues that his right of confrontation under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution was violated. He also argues that his right of confrontation and due course of law was violated under article 1, sections 10 and 19 of the Texas Constitution, and articles 1.04

further complains that article 38.072 is unconstitutional as applied to him. Because these issues are related, we will address them together.

■ Article 38.072 of the Texas Code of Criminal Procedure allows a hearsay statement from a child abuse victim to be admitted as substantive evidence if

> . . . the trial court finds, in a hearing conducted outside of the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX.CODE CRIM. PROC. ANN. Art. 38.072 (Vernon Supp.2000). Article 38.072 has been held constitutional and not a violation of a defendant's right to confront and cross-examine his accuser. See Buckley v. State, 786 S.W.2d 357, 359–360 (Tex.Crim. App.1990). As one of our sister courts has explained, because article 38.072 specifically requires that a trial court determine the statement's reliability before admitting it, the statute provides procedural safeguards on a case-by-case basis and preserves the right of confrontation. See Norris v. State, 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd). The article further preserves the "safeguards of face-to-face confrontation at trial, opportunity for effective cross-examination, and the trial court's determination of the statement's reliability." Id. Thus, it "does not violate either the due process guarantee of the United States Constitution or the due course of law provision of the Texas Constitution." Id.

■ However, the Texas Court of Criminal Appeals has recognized that, in some instances, admission of an outcry statement under article 38.072 could conceivably "operate either to deprive a defendant of his constitutional right to confront the out-of-court declarant, or to compel him to call the child to the stand himself in order to attain that right, in violation of due process and due course of law." Holland v. State, 802 S.W.2d 696, 699 (Tex.Crim.App.1991). In that situation, a defendant must make a proper and timely objection at trial to preserve this kind of claim for appeal. See id. at 700. When the state offers an out-of-court statement pursuant to article 38.072, a defendant must object on the basis of confrontation and due course of law. See id.; Garza v. State, 828 S.W.2d 432, 435 (Tex. App.—Austin 1992, no pet.). Failing to object when the evidence is offered waives the complaint on appeal. See State v. Kaiser, 822 S.W.2d 697, 702 (Tex.App.— Fort Worth 1992, pet. ref'd).

■ On this issue, first we find no violation of the confrontation clause because appellant had an opportunity to cross-examine A.B. on her outcry statement. Although A.B. was not called as a witness during the State's case-in-chief, A.B. testified at the hearing on the admissibility of her outcry statement under article 38.072. During that hearing, appellant was given an opportunity to cross-examine A.B., but chose not to ask her any questions. Because appellant had an opportunity to test A.B.'s credibility during the course of the proceedings but did not take it, he was not denied his constitutional right to confrontation and cross-examination, or to due course of law. See Buckley, 786 S.W.2d at 359–60; Norris, 788 S.W.2d at 72. Nor has he shown that article 38.072 was unconstitutional as applied to him. See Buckley, 786 S.W.2d at 359–60 (holding that, where the child "testifies or is available to testify,"—even at a pre-trial hearing—there was no constitutional violation, either facially or as applied, of the federal or state confrontation clause).

■ Even if an argument could be made that appellant's right to confrontation was violated, we must still overrule appellant's claim of error because appellant did not timely and specifically object when the State offered A.B.'s outcry testi-

and 1.05 of the Texas Code of Criminal Proce-    dure.

mony as substantive evidence during trial. During a pretrial conference, appellant mentioned the words "confrontation" and "opportunity for effective cross-examination," sufficient to put the court on notice of his objection.[5] Appellant did not make this objection during trial. He only mentioned these words during a conference with the trial judge and opposing counsel before trial. At the pretrial conference, the trial judge did not rule on the admissibility of A.B.'s outcry statement. Instead, he decided to hold a hearing during trial, outside the jury's presence, to determine the statement's admissibility. Following that hearing, the trial court found that A.B. was competent and that, as a hearsay statement, her testimony was admissible under article 38.072. The State proceeded to offer A.B.'s outcry statement through her grandmother's testimony. At this time, appellant did not object to this testimony on the grounds that (1) his constitutional rights to confrontation and due course of law were being infringed, or that (2) the State filed to establish article 38.072 criteria. Even though appellant made an objection at the pretrial hearing, the judge did not rule then; he reserved ruling for trial. As a consequence, to preserve error, appellant needed to renew his objection when the issue was revisited during trial. *See Kaiser*, 822 S.W.2d at 701–702. Thus, because appellant did not make a specific and timely objection during trial, he waived any error for appeal. *See Holland*, 802 S.W.2d at 699; *Garza*, 828 S.W.2d at 435; *Kaiser*, 822 S.W.2d at 702.

Because appellant failed to make a specific and timely objection during trial on the basis of confrontation, due course of law, or on article 38.072 criteria, he has waived any complaint on appeal regarding

the outcry statement admitted under article 38.072. Further, appellant had an opportunity to cross-examine A.B. on her out-of-court statement and chose not to do so. We, therefore, overrule appellant's second, third, and fourth points of error.

The judgment of the trial court is affirmed.

---

5. Appellant points to the following language to assert that he preserved his claim on appeal: "Your, honor, with respect to 38.072 is supposed to preserve the safeguard accordingly to notify—have the State—Unfortunately, I don't have the whole case in front of me, a *face-to-face confrontation* of trial opportunities for *effective cross-examination,* the trial

court's determination of the statute for its reliability and according to case law does not deny the certain fairness under the United States and Texas Constitution. However, it puts the defendant in the position of calling and impeaching its own witness ..." (emphasis added).