In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01411-CV

____________


IN THE MATTER OF J.M.V., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 2000-03335J






O P I N I O N

 A jury found appellant had engaged in delinquent conduct by committing
indecency with a child. The trial court assessed punishment in the Texas Youth
Commission with a transfer to the institutional division for 20 years. We affirm.

Background

 Around January or February of 2000, the then thirteen-year-old complainant
was tackled and attacked by appellant, who was an eighth grade student. Appellant
took off the complainant's jeans and touched the complainant's penis. 

 The State charged appellant with two counts of aggravated sexual assault and
one count of indecency with a child. The jury found appellant guilty of indecency
with a child.

 In four points of error, appellant argues that: (1) there was legally and factually
insufficient evidence; (2) the trial court violated his right of confrontation; and (3) the
trial court erred in authorizing a determinate sentence to be imposed. 

Legal and Factual Sufficiency

 In his first point of error, appellant challenges the legal and factual sufficiency
of the evidence to support his conviction. 

 The standard of review for legal sufficiency is to view the evidence in the light
most favorable to the conviction and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 

 Under the factual sufficiency standard, we ask "whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).

 A person commits the offense of indecency with a child if, with a child younger
than 17 years and not the person's spouse, whether the child is of the same or
opposite sex, the person:

(1) engages in sexual contact with the child or causes the
child to engage in sexual contact; or


(2) with intent to arouse or gratify the sexual desire of any
person:

 

 (A) exposes the person's anus or any part of the
child's genitals, knowing the child is present; or

 

 (B) causes the child to expose the child's anus or
any part of the child's genitals.


Tex. Pen. Code. Ann. § 21.11(a)(1)(2)(A)(B) (Vernon Supp. 2002).

 Sexual contact means the following acts, if committed with the intent to arouse
or gratify the sexual desire of any person:

(1) any touching by a person, including touching through
clothing, of the anus, breast, or any part of the genitals of
a child; or


(2) any touching of any part of the body of a child,
including touching through clothing, with the anus, breast,
or any part of the genitals of a person.


Tex. Pen. Code. Ann. § 21.11(c)(1)(2).

 In this case, the complainant testified that, while he was retrieving his shoes
from the playground, appellant tackled him. Appellant then pulled down
complainant's pants and started touching his penis. Next, complainant was flipped
over and heard a zipper unzip, followed by feeling something in his anus. During this
time, the complainant was screaming; appellant told him to shut up, that he was trying
to do something. The complainant testified that he felt appellant's penis inside his
anus. 

 We conclude that the evidence presented in this case was legally sufficient to
entitle a rational trier of fact to find that appellant committed indecency with a child. 
 Appellant argues next that the evidence is factually insufficient because the
complainant never told police that appellant touched his penis, and his testimony was
weak and contradictory. The jury is the sole judge of the facts, the witnesses'
credibility, and the weight to be given the evidence. Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). Therefore, the jury may choose to believe or disbelieve
any portion of the witnesses' testimony. Beckham v. State, 29 S.W.3d 148, 151 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd). 

 The complainant testified that appellant touched his penis, and that he felt
appellant's penis inside his anus. The jury was free to believe this testimony. 
Beckham, 29 S.W.3d at 151. After reviewing all the evidence, we conclude that the
verdict is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Accordingly, the evidence was factually sufficient to support the
jury's verdict. 

 We overrule appellant's first point of error.

Right to Confrontation


 In his second point of error, appellant argues that the trial court violated his
right to confront the complainant. He contends that he "was not allowed to fully
cross-examine the complaining witness" because the trial court limited his ability to
explore the witness's "truthfulness, motive, bias, or ability to remember."

 The complainant had been hospitalized for psychiatric treatment for stress and
depression after the offense but before his outcry. Appellant obtained the medical
records from that hospitalization and filed them with the trial court, accompanied by
a Rule 902 affidavit. See Tex. R. Evid. 902(10). In a motion in limine, the State
requested that defense counsel approach the bench before questioning the
complainant or the complainant's mother about the hospitalization or medication the
complainant was taking. The trial court granted the State's motion. 

 To preserve error for appellate review, the complaining party must make a
timely, specific objection, at the earliest opportunity, and obtain an adverse ruling.
Tex. R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).
During the cross-examination of the complainant, appellant never asked him anything
about his hospitalization or medication. Therefore, any complaint about his inability
to impeach the complainant's "truthfulness, motive, bias, or ability to remember"
based on the medical records, his hospitalization, or his medication was waived. Tex.
R. App. P. 33.1.

 During cross-examination of the complainant's mother, defense counsel asked
her about medical records relating to the complainant's hospitalization. The trial
court ruled that the medical records could not be introduced. On appeal, appellant
does not complain about the trial court's refusal to admit the medical records as a
basis for cross-examination of the mother. Therefore, he has waived any error
predicated on his inability to adequately cross-examine the mother. Tex. R. App. P.
33.1. 

 We overrule appellant's second point of error.

Sentencing


 In his third point of error, appellant argues that the trial court erred in
determining that he could be sentenced under the determinate-sentencing provisions
of the family code. Specifically, he argues that the petition was a nullity. 

 Before trial, appellant argued that counts one and two of the petition should not
have been submitted to the grand jury because the counts do not meet the
requirements of section 54.045(e). See Tex. Fam. Code Ann. § 54.045(e) (Vernon
Supp. 2002). He further stated that the first two counts do not fall under the
determinate sentencing while the third count did. The trial court and the State agreed
that the first two counts were nondeterminate counts and the third count was
determinate. The trial court understood appellant's objection to be whether the State
could try a determinate and a nondeterminate offense to the jury at the same time. 
Later, appellant's counsel stated that the State should pick whether to prosecute under
the determinate or nondeterminate counts, and "[L]et's pick a jury, and let's get this
done." 

 At the next pre-trial hearing, the State attempted to amend its petition. 
Appellant's counsel objected to this and stated, "Let them go on the papers that they
have filed with the court. Let's get it done." Moreover, appellant's counsel stated
that the petition was "pled correctly, Judge. [The State] just [doesn't] like the result." 

 An objection at trial not comporting with the complaint on appeal does not
preserve error for appellate review. See Dixon v. State, 2 S.W.3d 263, 273 (Tex.
Crim. App. 1998). Instead, an objection must draw the court's attention to the
particular complaint raised on appeal. See Tex. R. App. P. 33.1(a)(1)(A); Little v.
State, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988).

 At trial, appellant was concerned about whether the State could try a
determinate and nondeterminate count in the same trial. On appeal, appellant argues
that the petition was a nullity because counts one and two should not have been
referred to the grand jury in the first place. Appellant's complaint on appeal does not
comport with his trial objection. Accordingly, appellant has not preserved this point
of error. Tex. R. App. P. 33.1.

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Justices Hedges, Nuchia, and Duggan. (1)

Do not publish. Tex. R. App. P. 47.4.

1. The Honorable Lee Duggan, Jr., retired justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.