Affirmed and Opinion filed August 26, 2003









Affirmed and Opinion filed August 26, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00901-CR

____________

 

TORRANCE
HABIT JOHNSON, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal
from the 337th District Court

Harris County,
Texas

Trial Court
Cause No. 896,236

 



 

O P I N I O N

Appellant, Torrance
Habit Johnson, was convicted by a jury of aggravated robbery,  and sentenced to eight years= confinement in the
Institutional Division of the Texas Department of Criminal Justice.  On appeal, appellant challenges the legal and
factual sufficiency of the evidence supporting his conviction.  We affirm. 








At around 5:00 p.m.
on December 8, 2001, a black man wearing a blue Dallas Cowboys jersey entered
the Irvington Cleaners with a gun, and told everyone to get down.  The man forced the cashier to empty the
register, and he took two purses that were underneath the front counter.  He then fled the scene, and two women from
the store chased after him.

Ruben Alvarez, who
was standing across the street from the cleaners, heard the women screaming for
help.  He told the man in the blue jersey
to stop, and then tried to dial 911 on his cell phone.  The man put a gun to Alvarez=s stomach, and
demanded his phone.  Alvarez complied,
and the man ran to a nearby car wash and disappeared.  The hijacker emerged a short time later
wearing a white t-shirt.  Meanwhile, one
of the women from the store stopped a passing car and dialed 911 from the
driver=s cell phone.  When police arrived, several witnesses
identified appellant as the perpetrator. 
Appellant was charged with, and subsequently convicted of, aggravated
robbery.

In his first issue,
appellant challenges the legal sufficiency of the evidence supporting his
conviction because the State failed to establish he used or exhibited a deadly
weapon.  When reviewing the legal
sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App.
1999).  In conducting this review, we do
not engage in a second evaluation of the weight and credibility of the
evidence, but only ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).  








A person commits aggravated robbery if, while in the course
of committing theft, he intentionally or knowingly threatens or places another
in fear of imminent bodily injury or death and uses or exhibits a deadly
weapon.  Tex. Pen. Code Ann. ' 29.03(a) (Vernon 1994).  A deadly weapon is, “a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury.”  Tex.
Pen. Code Ann. '
1.07(17) (Vernon 2003).  A “firearm,”
therefore, is a deadly weapon.  Arthur
v. State, 11 S.W.3d
386, 389 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  A “gun,” however, is a broader term than “firearm”
and may include non-lethal instruments such as BB guns, blow guns, pop guns,
and grease guns.  Id.  

Appellant argues
only one victim testified he used or exhibited a deadly weapon, police reports
failed to acknowledge any weapon appellant may have used, and police failed to
find a gun at the crime scene.  Although the
weapon used by appellant was not recovered, one victim identified a black gun,
used for demonstrative purposes, as being similar to the weapon used by
appellant.  Moreover, three other victims
testified appellant pointed a small black gun at them.  Wright v. State, 591 S.W.2d 458, 459 (Tex. Crim. App.
1979) (holding that use of the word “gun” by the victim of a crime is sufficient evidence from
which a jury may rationally conclude that a deadly weapon was used).  The jury, as the exclusive judge of witness
credibility, was entitled to believe the victims.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  

Viewing the
evidence in the light most favorable to the prosecution, we believe a rational
jury was entitled to conclude appellant robbed the complainant with a
firearm.  Accordingly, we find the
evidence legally sufficient to support the jury=s
verdict, and appellant=s
first issue is overruled.








In his second
issue, appellant challenges the factual sufficiency of the evidence supporting
his conviction because although appellant took money and purses from victims in
the cleaners, he failed to use or exhibit a firearm.  When reviewing claims of factual
insufficiency, it is our duty to examine the jury=s
weighing of the evidence.  Clewis v.
State, 922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani v. State, 97 S.W.3d 589, 593
(Tex. Crim. App. 2003).  Determining
which standard applies depends upon whether the complaining party had the
burden of proof at trial.  Id.  If the complaining party did not have the
burden of proof, then the “manifestly unjust” standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the “against the great weight and preponderance” standard applies.  Id. 
Under the Texas Court of Criminal Appeals=
modified approach, if the defendant challenges the factual sufficiency of the
elements of the offense, even though the State had the burden of proof, we must
review the evidence using both standards. 
Id.  Thus, when reviewing
factual sufficiency challenges, we must determine “whether a neutral review of
all of the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury=s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.”  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

            With
respect to factual sufficiency, appellant cites his own testimony that he fired
no shots and exhibited no firearm.  The
jury, however, is the sole judge of the facts, the credibility of the
witnesses, and the weight to be given the evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex.
Crim. App. 2000); Beckham v. State, 29 S.W.3d 148, 152 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Therefore, the jury may believe or disbelieve
all or part of any witness=s
testimony.  Jones v. State, 984
S.W.2d 254, 258 (Tex. Crim. App. 1998). 
Reconciliation of any conflicts in the evidence falls within the
exclusive province of the jury.  Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).  

The jury was
entitled to determine the weight to be given the evidence and the credibility
of the witnesses and whether or not to believe the testimony of any
witness.  By its verdict, the jury
apparently chose to believe the victims=
version of the events, not appellant=s.  Viewing the evidence without the prism of in
the light most favorable to the prosecution, we find the evidence factually
sufficient to support the verdict. 
Appellant=s
second issue is overruled. 








The judgment of the trial court is
overruled.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed August 26, 2003.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).