Affirmed and Opinion filed December 16, 2003









Affirmed and Opinion filed December 16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00260-CR

____________

 

DARRELL VINCENT WILSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 918,357

 



 

O P I N I O N








Appellant, Darrell Vincent Wilson, was convicted by a jury
of aggravated sexual assault of a child less than fourteen years of age.[1]  The indictment alleged he committed
aggravated sexual assault by penetrating the complainant=s mouth with his sexual
organ.  Appellant was sentenced to
thirty-five years= confinement in the
Institutional Division of the Texas Department of Criminal Justice and assessed
a fine of $5,000.  On appeal, he
challenges the legal and factual sufficiency of the evidence supporting his
conviction.  We affirm.

The complainant lived with her father and grandmother in her
grandmother=s house.  Appellant was the grandmother=s boyfriend, and he also lived
in the house.  The complainant was nine-years-old
at the time of the assault. 
Periodically, the complainant was left alone with appellant in the
house.  It was during one of these
instances that the assault took place.  
The complainant testified that appellant Aput his private in my mouth@ while she was watching
television in her grandmother=s bedroom.  The complainant told a cousin about the
assault at the grandmother=s birthday party.  The cousin then told her mother, the
complainant=s aunt, about  the abuse. 
The aunt notified the Houston Police Department and an investigation was
launched.  Interviews were conducted by
officials from both the Houston Police Department and the Children=s Assessment Center.  During an interview with an officer from  the police department=s child abuse unit of the
claim, the complainant repeated her claim that appellant had put his penis in
her mouth.  








In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
n.12 (1979);  Garrett v. State,
851 S.W.2d 853, 857 (Tex.Crim.App.1993). 
We will not overturn the verdict unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim.
App.1991).  The jury, as the trier-of-fact, Ais the sole judge of the credibility
of witnesses and of the strength of the evidence.@ 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim.
App.1999).  The jury may believe or
disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App.1986).  Therefore, if any rational trier-of-fact could have found the essential elements of
the crime beyond a reasonable doubt, we must affirm.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App.
1997).  Further, we must presume the jury
resolved any conflicting inferences on the issue in favor of the
prosecution.  Farris v. State, 819
S.W.2d 490, 495 (Tex. Crim. App.1990), overruled
on other grounds by Riley v. State, 889 S.W.2d 290 (Tex. Crim. App.1993).  We
test the evidence only to see if any reasonable trier-of-fact
could find the elements were established beyond a reasonable doubt.  Jackson, 443 U.S. at 318.  

When reviewing claims of factual insufficiency, it is our
duty to examine the fact-finder=s weighing of the evidence. 
Clewis, 922 S.W.2d at 133, 134.  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App.
2003).  Determining which standard
applies depends upon whether the complaining party had the burden of proof at
trial.  Id.  If the complaining party did not have the
burden of proof, then the Amanifestly unjust@ standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the Aagainst the great weight and
preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified approach, if the defendant
challenges the factual sufficiency of the elements of the offense, even though
the State had the burden of proof, we must review the evidence using both
standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral review of all of the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.@ 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).








Appellant asserts the same grounds in challenging both the
legal and factual sufficiency of the jury=s verdictCa variance in the complainant=s testimony, the apparent disregard
of his witnesses= testimony, and the lack of any physical evidence.  Appellant contrasts complainant=s testimony at trial with the
information that the complainant relayed to the Children=s Assessment Center=s investigator.  Namely, the complainant testified in trial
that appellant had penetrated her mouth. 
Alternatively, Lisa Holcombe of the Children=s Assessment Center testified the
complainant previously told her that appellant had not penetrated her
mouth.  Nevertheless, the record also
reflects the testimony of Officer Julie Anderson of the Houston Police
Department=s child abuse unit.  Officer Anderson testified the complainant told
her that appellant placed his sex organ in her mouth.  Appellant next points to the apparent
disregard of his witnesses= testimony.  Namely,
appellant offered the testimony of several witnesses who had observed the
complainant and appellant interact. 
Generally, the witnesses testified that they had never seen appellant
behave inappropriately with the complainant. 
One witness even testified that she believed the complainant was a
liar.  Finally, he complains that the
prosecution offered no physical evidence; however, the examining physician
testified that there would be no physical evidence of penetration of the
complainant=s mouth.[2]  

First, we address legal sufficiency.  Viewing the evidence in the light most
favorable to the prosecution, we believe a rational jury was entitled to
conclude appellant committed a sexual assault of the complainant.  Accordingly, we find the evidence legally sufficient to
support the jury=s verdict, and appellant=s first issue is overruled.  

With respect to factual sufficiency, appellant cites the
aforementioned instances to show that he did not assault the complainant.  The jury, however, is the sole judge of the
facts, the credibility of witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim.
App. 2000); Beckham
v. State, 29 S.W.3d
148, 152 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Therefore, the jury may believe or disbelieve all or part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim.
App. 1995).  Reconciliation of any conflicts in the
evidence falls within the exclusive province of the jury.  Heiselbetz
v. State, 906 S.W.2d
500, 504 (Tex.
Crim. App. 1995).  








The jury was entitled to determine the weight to be given the
evidence and the credibility of the witnesses and whether to believe the testimony
of any witness.  By its verdict, the jury
apparently chose to believe the complainant=s version of the events, not the
appellant=s. 
Viewing the evidence without the prism of in the light most favorable to
the prosecution, we find the evidence factually sufficient to support the
verdict.  Appellant=s second issue is overruled.  

The judgment of the trial court is affirmed.           

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 16, 2003.

Panel consists of
Justices Yates, Hudson, and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Two
indictments were returned against appellant and the causes were consolidated in
a single trial.  Under cause number
918,356, the jury was permitted to convict appellant of aggravated sexual
assault should they find he intentionally or knowingly penetrated complainant=s vagina with his sex organ.  The jury found appellant not guilty on this
cause.  The remaining cause number,
918,357, is the subject of appellant=s
appeal.  





[2]  Of special
note here is appellant=s claim that the lack of physical evidence makes the
evidence factually insufficient to support his conviction.  The Court of Criminal Appeals has held that
the testimony of a victim, standing alone, is sufficient evidence of penetration.  Garcia v. State, 563 S.W.2d 925, 928 (Tex.
Crim. App.
1978).