NUMBER 13-05-263-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






RUBEN MARTINEZ DAVILA, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 36th District Court


of San Patricio County, Texas.






MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Garza
 

Memorandum Opinion by Justice Rodriguez

 Appellant, Ruben Martinez Davila, Jr., was charged with aggravated assault
causing serious bodily injury. See Tex. Pen. Code Ann. § 22.02 (Vernon 2003). A jury
found appellant guilty of the lesser-included offense of assault, a class "A"
misdemeanor. See id. § 22.01. The trial court assessed punishment at confinement
for one year, suspended for two years' probation, a $500.00 fine, restitution to the
victim for $1,448.00, and court costs. By one issue, appellant contends the evidence
was legally and factually insufficient to support his conviction. We affirm.

I. Standard of Review

 In a legal sufficiency review, we consider all of the properly or improperly
admitted evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational jury could have
found the accused guilty of the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.-Corpus Christi 1997, pet. ref'd). We measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997).

 "There is only one question to be answered in a factual sufficiency review: 
Considering all of the evidence in a neutral light, was the jury rationally justified in
finding guild beyond a reasonable doubt?" Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). There are two ways in which a court may find the evidence
to be factually insufficient: (1) the evidence supporting the finding, considered alone,
is too weak to support the jury's finding beyond a reasonable doubt; or (2) the
contravening evidence is so strong that the State could not have met its burden of
proof. Drichas v. State, 75 S.W.3d 795, 799 (Tex Crim. App. 2005) (en banc). We
also apply a hypothetically correct jury charge analytical construct in the context of a
factual sufficiency review. Adi v. State, 94 S.W.3d 124, 131 (Tex. App.-Corpus
Christi 2002, pet. ref'd) (citing Malik, 953 S.W.2d at 240).

 Under both standards, the jury is the sole judge of the facts, the credibility of
the witnesses, and the weight to be given the evidence. Beckham v. State, 29
S.W.3d 148, 152 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Therefore, the
jury may believe all or part of any witness's testimony. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000) (en banc). Reconciliation of any conflicts
in the evidence falls within the exclusive province of the jury. Id. In conducting this
review, the Court does not engage in a second evaluation of the weight and credibility
of the evidence, but only ensures that the jury reached a rational decision. Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). If there is evidence
that establishes guilt beyond a reasonable doubt, and the trier of fact believes that
evidence, the appellate court does not sit as a thirteenth juror in reassessing the
evidence. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en
banc).

II. Analysis

 Appellant contends there was legally and factually insufficient evidence to
support his conviction for the lesser-included offense of class "A" misdemeanor
assault. See Tex. Pen. Code Ann. § 22.01 (Vernon 2003). Appellant claims that the
State did not meet its burden of proving that appellant was actually the one who
intentionally, knowingly or recklessly caused serious bodily injury to Quiroz on or about
January 17, 2004.

 Section 22.01 of the Texas Penal Code provides, in pertinent part, as follows:

 (a) A person commits [assault] if the person:

 (1) intentionally, knowingly or recklessly causes bodily injury to
another . . . . 

 . . . .

 (b) An offense under Subsection (a)(1) is a Class A misdemeanor.

Id. § 22.01(a), (b).

 Here, testimony indicated that on or about January 17, 2004, the victim, Ralph
Quiroz, a resident of Ingleside, Texas, was invited to attend a party in Aransas Pass,
Texas. Quiroz attended the party with three friends from Ingleside, including Hailey
Hall, Daniel Cady, and Jonathan Martinez. Quiroz testified that appellant asked Quiroz,
Cady, and Martinez to leave the party minutes after they arrived. Quiroz's testimony
further shows that when Quiroz, Cady, and Martinez did not make an immediate
departure from the party after being commanded to leave by appellant, appellant hit
Quiroz with a closed fist in the jaw and broke it.

 Quiroz's testimony was corroborated by the testimony of Cady and Martinez,
as well as the testimony of appellant. Martinez testified that appellant was angry
about their being at the party, and that appellant "got in Quiroz's face" in the backyard
right before Quiroz was hit. Cady testified that after arriving at the party, he stayed
in the house while Quiroz and Martinez went into the backyard; he heard someone yell
"fight," and someone told him Quiroz was hurt in the backyard. Cady also testified
he went outside, where he saw Quiroz grabbing his face and dazed with blood
everywhere. In addition, Cady testified that appellant approached him with a raised
fist, yelling and swearing loudly, but that someone held appellant back to prevent him
from hitting Cady. Appellant, in a written statement, indicated that he had gone after
Quiroz, but his girlfriend held him back. Furthermore, appellant indicated in his written
statement that he also chased one of the other Ingleside males out of the house, but
his girlfriend restrained him again.

 Considering all of the evidence in the record in the light most favorable to the
verdict, we conclude a rational jury could have found beyond a reasonable doubt that
appellant, himself, was actually the individual who caused Quiroz's injury. See
Jackson, 443 U.S. at 319; Rosillo, 953 S.W.2d at 811. Thus, we conclude the
evidence was legally sufficient to support appellant's conviction for the offense of
class "A" misdemeanor assault.

 Moreover, reviewing the evidence in a neutral light, Zuniga, 144 S.W.3d at 484,
and not substituting our own judgment because the jury is the exclusive judge of the
credibility of witnesses and of the weight to be given testimony, Beckham, 29 S.W.3d
at 152, we conclude that the evidence supporting the jury's finding that appellant,
himself, was actually the individual who caused Quiroz's injuries is not so obviously
weak as to undermine confidence in the verdict, nor greatly outweighed by contrary
proof. See Clewis, 922 S.W.2d at 129. Thus, we conclude the evidence was
factually sufficient to support appellant's conviction for the offense of class "A"
misdemeanor assault.

 Having concluded that the evidence was legally and factually sufficient to
support appellant's conviction for class "A" misdemeanor assault, we overrule
appellant's sole issue on appeal.

III. Conclusion

 Accordingly, we affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 3rd day of August, 2006.