

# NUMBER 13-07-00304-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARMANDO LEE PINA,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Rodriguez**

A jury convicted appellant, Armando Lee Pina, of two counts of aggravated assault

by threat with a deadly weapon.[1]  *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.

---

[1] "[A]ggravated assault may be committed by threat with a deadly weapon or by inflicting serious bodily injury." *Hall v. State*, 225 S.W.3d 524, 531 (Tex. Crim. App. 2007).

2007). Appellant was sentenced to thirty years in the Institutional Division–Texas Department of Criminal Justice. By four issues, appellant challenges the legal and factual sufficiency of the evidence. We affirm.

## I. Standard of Review

In conducting a legal sufficiency review, we view the relevant evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Beckham*, 29 S.W.3d at 151. Instead, we consider whether the jury reached a rational decision. *Beckham*, 29 S.W.3d at 151.

In a factual sufficiency review, we review the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or the jury's verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). If conflicting evidence exists, we presume the trier of fact resolved those conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). This Court will not reverse the

jury's verdict unless, we can say with some objective basis in the record, the great weight and preponderance of the evidence contradicts the verdict. *Watson*, 204 S.W.3d at 415.

II. Sufficiency of Evidence to Prove Appellant Used or Exhibited a Shotgun

By his first and second issues, appellant contends that the evidence is legally and factually insufficient to prove that he used or exhibited a shotgun during the commission of an assault. We disagree.

Appellant's conviction was supported by testimony from Elda Lopez, Officer Eddie Garcia, Lieutenant Regan Scott, Rudy Perez, and Pablo Sanchez. Lopez, who witnessed appellant shoot a firearm at the victim's vehicle, testified that after hearing the gunshot, she "[f]elt little pellets hit [her] truck." Officer Garcia described the pattern of the shot as an outward triangle that came from a shotgun. Lieutenant Scott testified that he observed bullet holes, which appeared to be from a shotgun blast, in the front hood of the vehicle and the windshield. During re-direct examination, Officer Scott stated that only a shotgun could have caused the holes in the vehicle. Perez, a victim who was in the vehicle, described the gun as a "two-barrel shotgun." Finally, Sanchez, another victim who was in the car, stated that he saw a two-barrel shotgun pointed at the car. Viewing the relevant evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that appellant used or exhibited a shotgun. *See Hooper*, 214 S.W.3d at 13; *Escamilla*, 143 S.W.3d at 817.

Relying on the fact that the officers never found a weapon or spent shotgun casings, appellant argues the evidence is not factually sufficient to support the State's claim that he used or exhibited a shotgun. Appellant also argues that the officers admitted, during cross-examination, that other firearms may have caused similar shot patterns. As previously

3

stated, however, both officers testified that the damage to the vehicle was caused by a shotgun, and both victims identified the weapon they saw as a shotgun. Appellant further argues that Sanchez admitted that a police officer told him what type of weapon was used. But, again, Perez saw the gun and identified it as a shotgun. Therefore, we can not say with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the verdict. *See Watson*, 204 S.W.3d at 415. Therefore, after viewing all of the evidence in a neutral light, we do not find that the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust. *See id.* at 414-15. We overrule appellant's first and second issues.

III. Sufficiency of the Evidence to Prove Appellant Shot the Windshield

By his third and fourth issues, appellant challenges the sufficiency of the evidence to prove he threatened Sanchez and Perez with imminent bodily injury by shooting the windshield of the vehicle. Appellant appears to argue that the evidence only established that he shot the hood of the vehicle and not the windshield, as stated in the indictment. We are not persuaded by this argument because the State presented evidence that appellant shot the windshield with one shotgun blast.

Lopez testified that she felt pellets hit her truck. Officer Garcia explained that inside the casing of a shotgun there are probably fifty small pellets and "as it shoots, it makes like a triangle outward." Lieutenant Scott observed bullet holes in the front hood and the windshield of the vehicle. During redirect examination, Lieutenant Scott also explained that there were several small holes spread throughout the hood and on the windshield of the vehicle. Perez testified that the shotgun blast hit toward the middle of the windshield and cracked it. Finally, Sanchez also testified that his window was shot.

4

Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant threatened Sanchez and Perez with imminent bodily injury by shooting the windshield of the vehicle. *See Hooper*, 214 S.W.3d at 13; *Escamilla*, 143 S.W.3d at 817. Furthermore, viewing the evidence in a neutral light, we conclude that the evidence is not so weak that the jury's verdict seems clearly wrong and manifestly unjust or that the jury's verdict is against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15. We overrule appellant's third and fourth issues.

IV.  Conclusion

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of May, 2008.