Affirmed and Opinion filed December 16, 2003









Affirmed and Opinion filed December 16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01172-CR

____________

 

HECTOR J. ESPITIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 898,187

 



 

O P I N I O N

Appellant, Hector J. Espitia, was
convicted by a jury of aggravated sexual assault of a child.  The jury sentenced appellant to eight years= confinement in the Institutional
Division  of the Texas Department of
Criminal Justice and assessed a fine of $10,000.  On appeal, appellant challenges the factual
sufficiency of the evidence supporting his conviction.  We affirm. 









In March of 1995, the complainant, then ten years old, was an
overnight guest of appellant=s daughter.  The
complainant testified at trial describing repeated visits by appellant during
which she was abused.  She began by
explaining that she awoke sometime during the night to discover that her pants
and underwear had been removed and were on the floor.  The complainant put her pants and underwear
on and returned to bed.  Through an open
door, the complainant stated that she could see appellant standing in his
bedroom.  Sometime later, appellant
entered his daughter=s bedroom and removed the complainant=s pants and underwear.  The complainant testified that she pretended
to be asleep while appellant lowered his own pants and placed his penis inside
her vagina.  She stated that the contact
did not last very long, but it was very painful.  After appellant left the bedroom, the
complainant got dressed again. 
Thereafter, however, the complainant testified that appellant reentered
the bedroom, turned her over, removed her pants and underwear, and placed his
penis in her anus.

The complainant did not cry out during appellant=s visits to the bedroom and her
friend, appellant=s daughter, never awoke during the assault.  After dressing, the complainant, feigning
stomach pain, went into the living room to call her mother on the
telephone.  When questioned by appellant
as to what she was doing, the complainant said her stomach hurt and that she
had been having bad dreams.  Appellant
allowed the complainant to call her mother, who subsequently picked her
up.  Upon returning home, the complainant
noticed blood in her underwear; however, the complainant did not tell her
mother about the assault. 

In March 2000, six years later, the complainant  told her boyfriend about the abuse.  At his insistence, the complainant told her
mother about the abuse.  The complainant=s mother then confronted appellant
and his wife.  Appellant denied the
abuse.  After discussions with the family
priest and attorney, the complainant decided to notify the authorities.  In October 2001, the complainant filed a
complaint against appellant with the Houston Police Department and an
investigation was launched. In addition to the police questioning, the
complainant received counseling from the Houston Area Women=s Center and was subjected to medical
exams. An indictment was returned in February 2002 charging appellant with
sexual assault.  The indictment alleged
the assault was perpetrated when appellant penetrated the complainant=s sexual organ and anus with his
sexual organ.








In two points of error, appellant contends the trial court
erred in denying his motion for instructed verdict because the evidence is factually
insufficient to establish penetration of the complainant=s sexual organ and anus.  However, a motion for an instructed verdict
is an attack on the legal sufficiency of the evidence.  Garcia v. State, 17 S.W.3d 1, 4 (Tex.
App.CHouston [1st Dist.] 1999, pet. ref=d). 
It is inappropriate, therefore, to assert the trial court erred in
denying a motion for instructed verdict because the evidence was factually
insufficient.  Because appellant seeks
only a reversal, and not an acquittal, we will construe appellant=s issues as a conventional attack on
the factual sufficiency of the evidence.  


When reviewing claims of factual insufficiency, it is our
duty to examine the fact-finder=s weighing of the evidence. 
Clewis v. State, 922 S.W.2d 126,
133-34 (Tex. Crim. App. 1996).  There are two ways in
which evidence can be factually insufficient: (1) the evidence is so weak as to
be clearly wrong or manifestly unjust, or (2) the finding of a vital fact is so
contrary to the great weight and preponderance of the evidence as to be clearly
wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App.
2003).  Determining which standard
applies depends upon whether the complaining party had the burden of proof at
trial.  Id.  If the complaining party did not have the
burden of proof, then the Amanifestly unjust@ standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the Aagainst the great weight and
preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified approach, if the defendant
challenges the factual sufficiency of the elements of the offense, even though
the State had the burden of proof, we must review the evidence using both
standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral review of all of the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.@ 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).

One means of committing aggravated sexual assault is if a
person intentionally or knowingly causes the penetration of the anus or sexual
organ of a child by any means.  Tex. Pen. Code Ann. ' 22.021(a)(1)(B) (Vernon Supp.
2003).








Appellant first argues that an absence of physical evidence
makes the evidence factually insufficient to show he penetrated the complainant=s vagina or anus.  The record reflects that the complainant had
engaged in consensual sex sometime before the medical examination was
performed.  The medical examination
revealed the complainant had sustained some vaginal trauma; however, the examining
physician was unable to conclude whether the trauma was the result of a rape or
consensual sex.  In regard to anal
penetration, appellant cites the nonspecific findings of the anal examination.    Additionally, appellant reminds this court
that he denied assaulting the complainant when confronted by her mother and
testified in his own defense, both on direct and cross examination, that he did
not assault the complainant.

Notwithstanding the lack of physical evidence, the record
contains testimony supporting the jury=s verdict.  The complainant testified that appellant
penetrated both her sexual organ and her anus with his sexual organ.  Moreover, Officer Frost of the Houston Police
Department=s Sexual Abuse Unit explained
that a Adelayed outcry@ by victims of sexual abuse is
common because victims often fear they will not be believed.  Julia Wolf, Director of Therapy Services for
the Children=s Assessment Center, testified
that  delayed disclosure by a victim of
abuse does not mean the victim is lying. 
Renee Vandervennent, a Houston Area Women=s Center counselor, testified
that the complainant=s continuing nightmares and
fear are consistent with sexual abuse. 
Finally, Dr. Lahoti, the examining physician,
described the complainant=s Atearful and withdrawn@ demeanor during the physical
examination.  She also explained that it
is not uncommon for a sexual abuse victim to have a normal physical exam.
Appellant does not direct us to any authority indicating that physical evidence
is a necessity to sustain a conviction. 
In fact, the Court of Criminal Appeals has previously held that a victim=s testimony, alone, is
sufficient evidence of penetration.  Garcia
v. State, 563 S.W.2d
925, 928 (Tex. Crim. App. 1978).[1]









With respect to factual sufficiency, appellant cites the
aforementioned facts to show that he did not assault the complainant.  The jury, however, is the sole judge of the
facts, the credibility of witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim.
App. 2000); Beckham v. State, 29 S.W.3d 148, 152 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Therefore, the jury may believe or disbelieve all or part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim.
App. 1995).  Reconciliation of any
conflicts in the evidence falls within the exclusive province of the jury.  Heiselbetz
v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995).  

The jury was entitled to determine the weight to be given the
evidence and the credibility of the witnesses and whether or not to believe the
testimony of any witness.  By its
verdict, the jury apparently chose to believe the complainant=s version of the events, not the
appellant=s. 
Appellant argues that it is a manifest injustice to allow this
conviction to stand; however, a jury=s verdict is not manifestly unjust
merely because it resolved conflicting views in favor the State.  Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim.
App. 1997).  Viewing the evidence without the prism of in
the light most favorable to the prosecution, we find the evidence factually
sufficient to support the verdict. 
Appellant=s point of error is overruled.      

The judgment of the trial court is affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed December 16, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b).











[1]  Similarly, the State points out that
the Code of Criminal Procedure does not impose a corroboration requirement on
offenses perpetrated against persons age 17 or under.  Tex.
Code Crim. Proc. Ann. Art. 38.07(b) (Vernon
Supp. 2003).