Affirmed and Opinion filed June 15, 2004









Affirmed and Opinion filed June 15, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00201-CR

____________

 

MIGUEL SOSA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 918,387

 



 

O P I N I O N

Appellant, Miguel Sosa, was charged by
indictment with indecency with a child.  
See Tex. Pen. Code Ann.
' 21.11 (Vernon 2003).  Appellant entered a Anot guilty@ plea, but after
hearing the testimony of the witnesses, the jury convicted appellant and
subsequently assessed his punishment at three years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant asserts three points of error on
appeal: (1) the evidence was factually insufficient, (2) the prosecution
engaged in improper jury argument during its closing statement, and (3)
appellant did not receive adequate assistance of counsel under the United
States and Texas Constitutions.  We
affirm.  








The incident giving rise to the
prosecution occurred very early on December 25, 1999.  The complainant, who was eleven-years-old in
December 1999, celebrated Christmas with her parents at her Aunt Ruth=s house.  Also at Ruth=s house were
appellant (the complainant=s uncle) and his
wife.  The entire family opened gifts at
midnight.  The complainant=s parents left
Ruth=s house around
2:00 a.m. The complainant, however, stayed behind to spend the night with her
cousins.  Appellant, appellant=s wife, the
complainant and other relatives slept in Ruth=s living room.

The complainant said she went to sleep
next to her cousin.  She woke up to find
appellant lying next to her, with his hands inside her underwear, rubbing her
vagina.  Unsure as to what she should do,
the complainant pushed appellant. 
Because the morning was dawning, the complainant could clearly see that
it was appellant who had been touching her. 
She noticed appellant=s eyes were open,
and he was looking at her.  The
complainant got up and retreated to the bathroom.  The complainant did not return to the living
room, but went to her cousin=s bedroom.  The complainant did not tell anyone about the
incident at that time. 

A week later, appellant confronted the
complainant after church and said he needed to talk to her.  The complainant accompanied appellant to his
car.  Appellant=s wife followed,
but appellant told her he needed to talk to the complainant alone.[1]  Appellant apologized to the complainant for Awhat he did@ and asked her not
to tell anyone.  The complainant did not
respond, but simply got out of the car.  

In the summer of 2002, the complainant=s mother asked her
daughters if they had ever been touched inappropriately.  The complainant began crying and told her
mother for the first time about the abuse she suffered at the hands of
appellant.  The complainant=s father called
the police two days later, and law enforcement officers commenced an
investigation of the incident.








Deputy Schaberg, a Harris County
Constable, interviewed the complainant in her home where she identified
appellant as her assailant.  The
complainant was subsequently transported to the Children=s Assessment
Center where Detective Leslie McFarland of the Harris County Sheriff=s Department Child
Abuse Division watched via closed-circuit television as the complainant
discussed appellant=s actions with one of the Center=s staff.  The complainant also underwent a physical
examination while at the Children=s Assessment
Center.  In addition to submitting to a
physical exam, the complainant explained to Colleen Taft, a pediatric nurse
practitioner, that appellant had touched her Aprivate part.@  The physical exam was normal; however, Nurse
Taft explained that this outcome was to be expected considering the type of
contact.   








In his first point of error, appellant
contends the evidence is factually insufficient to support his conviction. When
reviewing claims of factual insufficiency, it is our duty to examine the jury=s weighing of the
evidence.  Clewis v. State, 922
S.W.2d 126, 133, 134 (Tex. Crim. App. 1996). 
There are two ways in which evidence can be factually insufficient: (1)
the evidence is so weak as to be clearly wrong or manifestly unjust, or (2) the
finding of a vital fact is so contrary to the great weight and preponderance of
the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003).  Determining which standard applies depends
upon whether the complaining party had the burden of proof at trial.  Id. 
If the complaining party did not have the burden of proof, then the Amanifestly unjust@ standard
applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the Aagainst the great
weight and preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified
approach, if the defendant challenges the factual sufficiency of the elements
of the offense, even though the State had the burden of proof, we must review
the evidence using both standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral
review of all of the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the
jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

A person commits indecency with a child by
touching, including through clothing, the genitals of a child under the age of
seventeen.  Tex. Pen. Code Ann. ' 21.11 (Vernon
2003).  Corroborating testimony is not
required to support a conviction for indecency with child.  See Tex.
Code Crim. Proc. Ann. Art. 38.07 (Vernon Supp. 2004).  








In making his factual insufficiency
argument, appellant cites a small portion of complainant=s testimony at
trial.  Specifically, appellant points
out that complainant Aalso testified that she didn=t think it really
happened, that she did not want to believe it, and that she felt it was a
dream.@ We note that
appellant=s factual insufficiency argument rests
solely upon a few isolated statements.[2]  Notwithstanding any alleged weakness in
complainant=s testimony, the jury is the sole judge of
the facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex.
Crim. App. 2000); Beckham v. State, 29 S.W.3d 148, 152 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 
The jury may believe or disbelieve all or part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258
(Tex. Crim. App. 1998).  Reconciliation
of any conflicts in the evidence falls within the exclusive province of the
jury.  Heiselbetz v. State, 906
S.W.2d 500, 504 (Tex. Crim. App. 1995).  

We do not find the proof of guilt is so
obviously weak as to undermine our confidence in the jury=s verdict or that
the proof of guilt is greatly outweighed by contrary proof.  Complainant testified that appellant rubbed
her vagina with his hands.  Apparently,
the jury believed complainant=s testimony.  Accordingly, the first point of error is
overruled.

In his second point of error, appellant
complains the State was permitted to engage in improper jury argument during
its closing statement in the punishment phase of the trial.  Because appellant did not testify at the
punishment phase of the trial, appellant argues that the State improperly commented
on his silence.  Specifically, the
prosecutor stated, A[D]o you want to send a message to this
defendant and the citizens of Harris County, that it=s okay to touch
your niece even though your family doesn=t really believe
you did anything wrong, even though there=s been no sense of
remorse during the guilt/innocence phase of this trial.@  However, appellant also concedes that no
objection was made to this argument. 

We find nothing was preserved for
review.  Before a defendant can complain
on appeal about improper jury argument, he must show that he objected and
pursued his objection to an adverse ruling. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Without an objection, the right to complain
on appeal is forfeited.  Id.  Therefore, appellant=s second point of
error is overruled.  








Appellant complains in his third point of
error that he was not afforded effective assistance of counsel, as required by
the Sixth Amendment to the United States Constitution or Article 1, Section 10
of the Texas Constitution.  Appellant
cites ten instances in setting up his point of error, namely, trial counsel
failed to: (1) object to the State=s closing argument
describing appellant=s lack of remorse; (2) object to
statements made by the court during voir dire; (3) request additional
peremptory challenges or object to jury members; (4) object to attempts by the
prosecution to bolster complainant=s testimony; (6)
object to evidence describing complainant as Anot promiscuous@; (7) object to
hearsay testimony; (8) object to statements referencing appellant=s post-arrest
silence; (9) preserve error through a bill of exception or offer proof as to a
previous inconsistent statement in an affidavit filed by one of the witnesses;
and (10) to present evidence during the punishment hearing as to the probation
conditions for the punishment of sex offenders. 
Without individually addressing each of the preceding instances, we
overrule appellant=s third point of error.  

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I,   10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two‑prong test to determine whether
counsel is ineffective.  Id.  First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id. at 688‑92.  Second, appellant must demonstrate the
deficient performance prejudiced the defense. 
Id. at 693.  Essentially,
appellant must show that his counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Id.; Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App.
1997). 








Judicial scrutiny of counsel=s performance must be highly
deferential and we are to indulge the strong presumption that counsel was
effective. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We assume counsel=s actions and decisions were
reasonably professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is the appellant=s burden to rebut this presumption,
by a preponderance of the evidence, through evidence illustrating why trial
counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other grounds
by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).  Where the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient.  Jackson, 877 S.W.2d at 771; Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when confronted with a
silent record.  Jackson, 877
S.W.2d  at 771. 

If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691. Appellant must prove that counsel=s errors, judged by the totality of
the representation, denied him a fair trial. McFarland, 928 S.W.2d at
500.  If appellant fails to make the
required showing of either deficient performance or prejudice, his claim
fails.  Id. 

Appellant did not file a motion for new trial and the record
contains no evidence of the reasoning behind his trial counsel=s actions (or lack thereof).  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when confronted with a
silent record. Jackson, 877 S.W.2d at 771; see also Thompson, 9 S.W.3d
at 814 (Tex. Crim. App. 1999) (holding that when the record provides no
explanation as to the motivation behind trial counsel=s actions, an appellate court should
be hesitant to declare ineffective assistance of counsel).  Appellant fails to provide this Court with
any evidence to affirmatively demonstrate the ineffectiveness of his trial
counsel.  Thus, appellant has not
satisfied his burden on appeal to rebut the presumption that counsel=s actions were reasonably
professional and motivated by sound trial strategy. 








Moreover, even if the record rebutted the presumption of
sound trial strategy, appellant has not demonstrated that trial counsel=s performance prejudiced his
defense.  He has not, therefore, met the
second prong of the test.  Because
appellant produced no evidence concerning trial counsel=s reasons for choosing the course he
did, nor did he demonstrate prejudice to his defense, his third point of error
is overruled. McFarland, 928 S.W.2d at 500. 

Accordingly, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 15, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant=s wife confirmed this encounter on
cross-examination.  





[2]  The
complainant testified as follows:

Q: Were
you still in shock?

A: In a
way.

Q: What do
you mean by Ain a way.@

A: Because
I didn=t want to believe it.

Q: And did
that have to do with anything regarding your relationship with him?

A: Yes.

Q: And him
being an uncle?

A: Yes, ma=am.

. . . .

Q: Let me
ask you this: Why would you go over and spend the night at his house after what
he had done to you?

A: For two
reasons, one, because inside of me I still thought it was fake, it was a
dream.  And I felt, you know, I felt B I didn=t want
to believe it.