NUMBER 13-04-664-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 
 

DANIEL LOPEZ A/K/A DANNY JOE LOPEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 103rd District Court 

of Cameron County, Texas.

 
 

MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez


 

Appellant, Daniel Lopez a/k/a Danny Joe Lopez, brings this appeal following his
convictions for burglary of a habitation and attempted aggravated sexual assault of a
child. See Tex. Pen. Code Ann. §§ 15.01, 30.02(a)(3) (Vernon 2003), § 22.021
(Vernon 2003 & Supp. 2005). The trial court assessed punishment at thirty years'
imprisonment on the burglary conviction and twenty years' imprisonment on the
attempted sexual assault of a child conviction. By four issues, appellant contends the
evidence is legally and factually insufficient to support his convictions. We affirm.

I. Standard of Review

In a legal sufficiency review, we consider all of the properly or improperly
admitted evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational jury could have
found the accused guilty of the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.-Corpus Christi 1997, pet. ref'd). We measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim.
App. 1997). 

"There is only one question to be answered in a factual sufficiency review: 
Considering all of the evidence in a neutral light, was the jury rationally justified in
finding guilt beyond a reasonable doubt?" Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). There are two ways in which a court may find the evidence
to be factually insufficient: (1) the evidence supporting the finding, considered alone,
is too weak to support the jury's finding beyond a reasonable doubt, or (2) the
contravening evidence is so strong that the State could not have met its burden of
proof. Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (en banc). We
also apply a hypothetically correct jury charge analytical construct in the context of a
factual sufficiency review. Adi v. State, 94 S.W.3d 124, 131 (Tex. App.-Corpus
Christi 2002, pet. ref'd) (citing Malik, 953 S.W.2d at 240).

Under both standards, the jury is the sole judge of the facts, the credibility of
the witnesses, and the weight to be given the evidence. Beckham v. State, 29
S.W.3d 148, 152 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Therefore, the
jury may believe all or part of any witness's testimony. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000) (en banc). Reconciliation of any conflicts
in the evidence falls within the exclusive province of the jury. Id. In conducting this
review, the Court does not engage in a second evaluation of the weight and credibility
of the evidence, but only ensures that the jury reached a rational decision. Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). If there is evidence
that establishes guilt beyond a reasonable doubt, and the trier of fact believes that
evidence, the appellate court does not sit as a thirteenth juror in reassessing the
evidence. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en
banc).

II. Applicable Law

A person commits the offense of burglary if, without the effective consent of
the owner, he:

 (1) enters a habitation, or a building (or any portion of a
building) not then open to the public, with intent to commit
a felony, theft, or an assault; or


 . . . . 


 (3) enters a building or habitation and commits or attempts
to commit a felony, theft, or an assault. 


 Tex. Pen. Code Ann. § 30.02(a). 

A person commits an "attempt" offense if, with specific intent to commit an
offense, he does an act amounting to more than mere preparation that tends, but fails,
to effect the commission of the offense intended. Id. § 15.01(a). An attempt to
commit an aggravated offense requires a showing that an element that aggravates the
offense accompanied the attempt. See id. § 15.01(b).

In addition, a person commits the offense of aggravated sexual assault if he: 

 (B) intentionally or knowingly:


 (I) causes the penetration of the anus or sexual organ
of a child by any means;


 (ii) causes the penetration of the mouth of a child by
the sexual organ of the actor;


 (iii) causes the sexual organ of a child to contact or
penetrate the mouth, anus, or sexual organ of
another person, including the actor; 


 (iv) causes the anus of a child to contact the mouth,
anus, or sexual organ of another person, including
the actor; or


 (v) causes the mouth of a child to contact the anus
or sexual organ of another person, including the
actor; and 


 (2) if:


 (A) the person:


 (I) causes serious bodily injury or attempts to cause
the death of the victim or another person in the
course of the same criminal episode;


 (ii) by acts or words places the victim in fear that
death, serious bodily injury, or kidnapping will be
imminently inflicted on any person;


 . . . .


 (B) the victim is younger than 14 years of age . . . .


 Id. § 22.021. 

Furthermore, a person acts intentionally, or with intent, with respect to the
nature of his conduct or to a result of his conduct when it is his conscious objective
or desire to engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a)
(Vernon 1994). Intent may be inferred from circumstantial evidence. Moore v. State,
54 S.W.3d 529, 539 (Tex. App.-Fort Worth 2001, pet. ref'd). 

III. Analysis

In his first and second issues, appellant contends the evidence is legally and
factually insufficient to prove beyond a reasonable doubt that he committed the
offense of burglary. By his third and fourth issues, appellant contends the evidence
is legally and factually insufficient to support his conviction for attempted aggravated
sexual assault of a child.

In this case, the evidence shows the following: (1) the victim was thirteen
years old at the time of offense; (2) appellant entered the victim's home by opening
the unlocked front door and walking into the home without the consent of the owner,
the victim's mother; (3) appellant went into the victim's bedroom, removed his own
clothing and got on top of the victim, completely naked with an erect penis; (4)
appellant remained directly on top of the victim, separated from the victim by the
victim's clothes and the victim's bed covers; (5) the victim testified that appellant was
continually "hovering over [him], moving up and down"; (6) the victim testified that
he thought appellant "was trying to have sex with [him]," and that he felt appellant
"kissing [him] on [his] cheeks"; (7) the victim testified that he "thought [he] was going
to die" during the attempted assault; (8) the victim tried to get away by hitting and
biting appellant, but appellant placed the victim in a headlock, restricting his ability to
breathe; (9) the victim's mother testified that she heard her son screaming in his room,
saying "he is raping me, he is choking me"; (10) the victim's mother heard the victim's
screams and entered the bedroom and turned on the bedroom light; (11) the victim's
mother identified appellant as being in the victim's bedroom completely naked; and
(12) when the victim's mother entered the bedroom, appellant attempted to escape
through a window but was unable to do so.

A. Attempted Aggravated Sexual Assault

To prove appellant committed attempted aggravated sexual assault of a child,
the State had to prove that appellant, with specific intent to commit aggravated sexual
assault of a child, performed an act that amounted to more than mere preparation that
tended, but failed, to effect the commission of said offense. See Tex. Pen. Code Ann.
§§ 15.01, 22.021. 

While there is conflicting testimony regarding whether the victim had been
penetrated and whether there were obvious signs of appellant's mouth, anus, or sexual
organ directly contacting the sexual organ of the victim, it was only necessary for the
State to show that appellant's acts amounted to more than mere preparation of a
sexual assault of a child to prove attempted aggravated sexual assault of a child. See
id. § 15.01. The jury was free to believe the testimony of the witnesses, and this
Court will not interfere with the jury's resolution of conflicts in the evidence. See
Margraves, 34 S.W.3d at 919. 

Therefore, after viewing the evidence in a light most favorable to the verdict,
Jackson, 443 U.S. at 319; Rosillo, 953 S.W.2d at 811, we conclude that the jury
could have found beyond a reasonable doubt that appellant (1) had the specific intent
to commit aggravated sexual assault of a child and (2) that his acts amounted to more
than mere preparation that tended, but failed, to effect the commission of the offense
of aggravated sexual assault of a child. See Tex. Pen. Code Ann. §§ 15.01, 22.021. 
In addition, after viewing the evidence in a neutral light, we conclude that the jury was
rationally justified in finding beyond a reasonable doubt, Zuniga, 144 S.W.3d at 484,
that appellant (1) had the specific intent to commit aggravated sexual assault of a child
and (2) that his acts amounted to more than mere preparation that tended, but failed,
to effect the commission of the offense of aggravated sexual assault of a child. See
Tex. Pen. Code Ann. §§ 15.01, 22.021. Thus, we conclude that the evidence was
legally and factually sufficient to support appellant's conviction for attempted
aggravated sexual assault of a child. 

We overrule appellant's third and fourth issues.

B. Burglary

To prove that appellant committed the offense of burglary, the State had to
prove that appellant, without the effective consent of the owner, entered the house
in question and either (1) intended to commit aggravated sexual assault of a child, or
(2) attempted to commit or committed aggravated sexual assault of a child. See id.
§§ 15.01, 22.021, 30.02(a).

Having concluded that the evidence is legally and factually sufficient to support
appellant's conviction for attempted aggravated sexual assault of a child, we further
conclude, after viewing the evidence in the light most favorable to the verdict,
Jackson, 443 U.S. at 319; Rosillo, 953 S.W.2d at 811, the jury could have found
beyond a reasonable doubt that (1) appellant entered the victim's home, without the
owner's consent, (2) with the intention to commit aggravated sexual assault of a child. 
See Tex. Pen. Code Ann. §§ 15.01, 22.021, 30.02(a). In addition, after viewing the
evidence in a neutral light, we conclude that the jury was rationally justified in finding
beyond a reasonable doubt, Zuniga, 144 S.W.3d at 484, that (1) appellant entered the
victim's home, without the owner's consent, (2) with the intention to commit
aggravated sexual assault of a child. See Tex. Pen. Code Ann. §§ 15.01, 22.021,
30.02(a). Therefore, we conclude the evidence is legally and factually sufficient to
support appellant's conviction for burglary of a habitation.

We overrule appellant's first and second issues.

IV. Conclusion

Accordingly, we affirm the judgment of the trial court. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 10th day of August, 2006.