NUMBER 13-06-098-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DONNIE TYRONE HAYES A/K/A

DONNIE TYRONE HAYNES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 329th District Court 

of Wharton County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 A jury found appellant, Donnie Tyrone Hayes a/k/a Donnie Tyrone Haynes, 
guilty of possession of a controlled substance in a drug-free zone, see Tex. Health &
Safety Code Ann. §§ 481.115(a), (c), 481.134(c)(1) (Vernon 2003), and assessed
punishment at 35 years' confinement in the Texas Department of Criminal
Justice-Institutional Division and a fine of $2,500.00. By three issues, appellant
challenges the sufficiency of the evidence and the admissibility of certain testimony
for which he alleges the State should have been reprimanded and a mistrial granted. 
We affirm. 

I. Background


 At trial, Officer Jeremy Eder testified he was on uniform patrol near Dawson
Elementary School when he heard loud music coming from a car parked in the
driveway of a residence located approximately 150-200 feet from the school. Officer
Eder observed appellant standing by the car. When Officer Eder approached the car
to investigate the source of the loud music, he saw appellant shove something into
his right-front pant pocket. Officer Eder testified that he conducted a pat down of
appellant's outer garment for weapons. After finding no weapons, Officer Eder told
appellant that he was under arrest for violating the city's loud-music ordinance.

 Officer Eder stated that before appellant could be restrained, appellant fled on
foot. He began pursuit of appellant and called for back up. Officer Eder saw
appellant look over his shoulder and stick his hand in his right-front pocket as though
"trying to get something out of his pocket to get rid of." During his flight, appellant
tripped and fell, but he got up and continued to run. Officer Eder drew his taser gun
and ordered appellant to stop and lie on the ground. Appellant complied and lay with
his left arm outstretched and his right arm underneath his body. Appellant claimed
his shoulder was dislocated. Officer Cristina Resendez testified that when she and
Sergeant Ben Evans, Sergeant Coleman, and Officer Whitlock arrived, appellant was
sitting on the ground. 

 Officers Eder and Whitlock retraced appellant's steps while Sergeant Coleman,
Sergeant Evans and Officer Resendez waited with appellant. Detective Evans asked
appellant to move onto the porch of the residence where he was being detained. 
Officer Resendez testified that when appellant stood up and took a step toward the
porch, she noticed a clear baggie on the ground where appellant had been. She
identified the substance as "crack." Laboratory results revealed that the substance
in the baggie consisted of approximately 4.84 grams of cocaine. Appellant was
charged with possession and intent to deliver a controlled substance. The jury
acquitted appellant of the charge of intent to deliver a controlled substance, but found
him guilty of possession of a controlled substance in a drug-free zone. See Tex.
Health & Safety Code Ann. §§ 481.115(a), (c), 481.134(c)(1). The jury sentenced
appellant to 35 years of confinement in prison and assessed a $2,500 fine. 

II. Prosecutorial Misconduct


 By his first issue, appellant contends the trial court erred by failing to reprimand
the State for soliciting allegedly inadmissable witness responses and for failing to
declare a mistrial. Specifically, appellant claims two questions asked by the State
elicited responses that were highly prejudicial and calculated to inflame the jury. We
construe appellant's contentions as a complaint of prosecutorial misconduct. 

 To preserve error for prosecutorial misconduct, the appellant must make a
timely and specific objection, request an instruction to disregard the matter improperly
placed before the jury, and move for a mistrial. Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996); see Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App.
1993); see also Jimenez v. State, No. 03-05-00633-CR, 2007 Tex. App. LEXIS 7372,
at *44-45 (Tex. App.--Austin August 31, 2007, no pet. h.) (designated for publication);
see also Ortega v. State, No. 13-04-393-CR, 2005 Tex. App. LEXIS 8406, at *15 (Tex.
App.--Corpus Christi October 13, 2005, no pet.) (mem. op., not designated for
publication) ("The proper method to preserve error regarding improper argument or
prosecutorial misconduct is to (1) make a timely objection and secure a ruling; (2) if
the objection is sustained, request the trial court to instruct the jury to disregard the
statement; and (3) if the instruction is given, move for mistrial.").

 Appellant complains that the State elicited allegedly inadmissible evidence
when the prosecutor asked Officer Eder, "What kinds of complaints do you get [about
appellant]?" and when he asked Detective Grady Smith, "What does [appellant] do
for a living?" Appellant objected to the questions when both witnesses answered that
appellant was selling drugs. However, in a third instance, the prosecutor again asked
Officer Eder the question "What kind of complaints?" Officer Eder responded, "Loud
music, that he's out selling drugs in Wharton." Appellant did not object to the
question, or to the prosecutor's conduct. Because the State asked the question an
additional time without objection, any error was harmless. Mathis v. State, 67 S.W.3d
918, 926-27 (Tex. Crim. App. 2002) (holding "[a]ppellant failed to object to the
prosecutor's arguments . . . and therefore forfeited his right to complain about this
issue on appeal."); Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en
banc) ("Our rule, therefore, is that overruling an objection will not result in reversal
when other such evidence was received without objection, . . ."); Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (en banc) (providing that each time the
objectionable evidence is offered, the party must continue to object); see Howard v.
State, 153 S.W.3d 382, 385 (Tex. Crim. App. 2004) (en banc) ("In light of the jury's
previous exposure to these similar arguments, suggesting the potential for the
appellant's participation in gang-related activities in prison, any error is harmless.");
see also Jimenez v. State, 2007 Tex. App. Lexis 7372, at *47-48. Accordingly,
because appellant did not object to the improper question or the prosecutor's conduct
each time it occurred, we overrule appellant's first issue.
III. Sufficiency of the Evidence 


 Appellant, by his second and third issues, contends the evidence is legally and
factually insufficient to sustain his conviction of possession of a controlled substance.

A. Standard of Review and Applicable Law


 In a legal sufficiency review, we view the evidence in the light most favorable
to the prosecution to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979). The trier of fact is the sole judge of the facts, the credibility of
the witnesses, and the weight given to testimony. See Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1979); Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.--Houston
[14th Dist.] 2000, pet. ref'd). We do not reevaluate the weight and credibility of the
evidence, whether circumstantial or direct, nor substitute our own judgment for the
trier of fact. Mosley v. State, 141 S.W.3d 816, 821 (Tex. App.--Texarkana 2004, pet.
ref'd); Beckham, 29 S.W.3d at 151. Instead, we consider whether the jury reached a
rational decision. Beckham, 29 S.W.3d at 151.

 In a factual sufficiency review, we review the evidence in a neutral light to
determine whether the evidence is so weak that the jury's verdict seems clearly wrong
and manifestly unjust. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006). After considering all of the evidence in the record related to appellant's
sufficiency challenge, we compare the evidence weighed by the jury that tends to
prove the elemental fact in dispute with the evidence that tends to disprove it. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997) (en banc). This Court
will not reverse the jury's verdict unless we can say with some objective basis in the
record that the great weight and preponderance of the evidence contradicts the
verdict. Watson, 204 S.W.3d at 415.

 We measure the sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.--Corpus Christi 2002,
pet. ref'd).  "Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State's burden of proof." Malik, 953
S.W.2d at 240. The elements of the charged offense in this case are: (1) intentional or
knowing, (2) possession of, (3) a controlled substance, namely cocaine, (4) in an amount
of four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. §
481.115(a), (c) (Vernon 2003).

 To prove unlawful possession of a controlled substance, the State must show that
appellant exercised control, management, or care over the substance and that he knew
the matter possessed was contraband. Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim.
App. 1995) (en banc); see Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2003)
(defining possession as "actual care, custody, control or management"). If the accused
is not in exclusive possession and control of the place where the contraband is found or
the contraband is not found on his person, the State must then affirmatively link the
accused to the contraband through additional facts and circumstances. See Poindexter
v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); Lassaint v. State, 79 S.W.3d 736,
740 (Tex. App.--Corpus Christi 2002, no pet.). This "affirmative links rule" provides that
the evidence "must establish, to the requisite level of confidence, that the accused's
connection with the drug was more than just fortuitous." Brown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App. 1995) (en banc).

 In determining whether the evidence is sufficient to affirmatively link the accused to
the contraband, the following non-exclusive list of factors may be considered: (1) the
contraband was in plain view, (2) the accused was found with a large amount of cash,
(3) the contraband was conveniently accessible to the accused, (4) the contraband
was found in close proximity to the accused, (5) conduct by the accused indicated a
consciousness of guilt, (6) the accused attempted to flee, (7) the accused made
furtive gestures, (8) the accused had a special connection to the contraband, (9) the
quantity of the contraband, and (10) the accused was observed in a suspicious area
under suspicious circumstances. Lassaint, 79 S.W.3d at 740-41. The number of
factors is not as important as their logical force in establishing the elements of the
offense. Lassaint, 79 S.W.3d at 741. The question of whether the evidence is
sufficient to affirmatively link the accused to the contraband must be answered on a
case-by-case basis. Id. 

B. Analysis
 

 Appellant contends the evidence is legally and factually insufficient to support
the second element of the charged offense--possession. See Tex. Health & Safety
Code Ann. § 481.115(a), (c). We disagree. The jury had sufficient evidence to link 

appellant to the cocaine and convict him based on the logical force of the following
factors: appellant was present at the time and place that the controlled substance
was found; appellant was questioned by Officer Eder for playing loud music, a
ticketed offense; he attempted to flee from the scene; Officer Eder, while in pursuit
of appellant, observed appellant reaching into his pocket, making furtive gestures, as
if trying to hide something that was in his pocket; appellant tried to hide his right hand
from the officer's view; Officer Eder testified that appellant appeared to be reaching
for something underneath him; and the cocaine was found on the ground where
appellant had been seen sitting immediately after he stood up-in close proximity to
appellant.

 From these facts and circumstances, the jury could have concluded that
appellant had knowledge and control of the cocaine. See Poindexter, 153 S.W.3d at
406. We conclude that any rational trier of fact could have found the essential
elements of possession of a controlled substance beyond a reasonable doubt. See
Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a), (c); Jackson, 443 U.S.
at 319. Thus, the evidence is legally sufficient to support appellant's conviction.
Further, viewing all of the evidence in a neutral light, the judgment is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong or manifestly
unjust. Watson, 204 S.W.3d at 414-15, 417. We therefore conclude the evidence is
factually sufficient to support appellant's conviction. Appellant's second and third
issues are overruled.

IV. Conclusion


 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 18th day of October, 2007.