

# NUMBER 13-07-00328-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**HARRY MURPHY,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Harry Murphy, of possession of a controlled substance with intent to deliver and assessed punishment at sixty years' imprisonment and a $10,000 fine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003). By three issues, Murphy challenges the trial court's denial of his motion to suppress and the legal and factual sufficiency of the evidence supporting his conviction. We affirm.

## I. Background

In June 2006, Matagorda County Sheriff's deputies received reports that Murphy sold cocaine. Sergeant Richard Morales, a narcotics investigator, set up a sting operation with the help of a "cooperating individual" (hereinafter "the C.I."). On June 20, 2006, the C.I. called Murphy and arranged to purchase an ounce of cocaine for $550; the transaction was to take place later that day at a carwash in Bay City. After the C.I. spoke to Murphy, Sergeant Robbie Galvan, a narcotics investigator, began surveillance on Murphy. Sergeant Galvan witnessed Murphy drive to his home, exit his car, enter his home, and return to his car three to four minutes later. When Murphy left his home, another sheriff's department officer followed him.

Deputy Kurtis Brown witnessed Murphy commit a rolling stop and turn without using his blinker; Deputy Brown pulled Murphy over for the traffic violations, and he asked Murphy to exit the vehicle for a search. When Murphy exited, two plastic bags containing a powder substance fell from his shorts. Murphy was arrested and transported to jail.

After Murphy was arrested, Sergeant Morales signed an affidavit and presented it to a justice of the peace, who signed a warrant to search Murphy's home at 2:25 p.m. Sheriff's deputies searched Murphy's home, and they discovered drug paraphernalia and a white substance in a bag within an oven mitt. The record contains Sergeant Morales's report, which states that "[a]t about 02:24P.M., reporting officer located a pyrex measuring cup, coffee cup containing a white substance residue, a fork containing a white substance residue, a spoon containing a white substance residue, and a digital scale (used to measure weight) inside a kitchen."

Murphy was indicted for possession of a controlled substance with intent to deliver.

*Id*.  Before trial, Murphy filed a motion to suppress the items found at his home, alleging they were the result of an illegal search.  In his motion, Murphy argued that the search was conducted before the search warrant was signed.  To support this argument, Murphy pointed to time discrepancies between Sergeant Morales's affidavit and the search warrant.  The trial court denied Murphy's motion.  A jury found him guilty and assessed punishment at sixty years' imprisonment and a $10,000 fine.  The trial court entered a judgment of conviction and sentence according to the jury's verdict.  This appeal ensued.

## II. SUPPRESSION

By Murphy's third issue, he contends that the trial court erred in denying his motion to suppress because the search was conducted before the search warrant was signed. The State argues that the time discrepancies are "typos" and technicalities that do not vitiate the search warrant.  It points to Sergeant Morales's testimony at trial,[1] where  the following exchange occurred between him and the State:

Q: How did that—how did you determine when to start the search of the residence of Harry Murphy?

A: After the search warrant was signed.

Q: And how is it that you know that it was after the search warrant was signed?

A: I made a clerical error on the report.

Q: Okay.  So the time was 2:24—

A: Yes, sir.

Q: —on your report; is that an error?

A: Yes, sir, it is.

---

[1] Murphy's suppression motion was filed at trial.  Therefore, there was no pre-trial hearing on this motion.

3

Q:     And how is it that you know that's an error?

A:     Because on the evidence itself that I had logged the time on, it says 2:45.

We review a trial court's decision on a motion to suppress evidence for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). In reviewing the trial court's decision, we view the record in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of the historical facts that the record supports. *Id*.

A typographical error will not vitiate an arrest or search warrant. *Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987). A search warrant may be valid despite discrepancies if there is testimony in the record that shows that a discrepancy in time or date is merely a matter of technical or clerical error. *See Green v. State,* 799 S.W.2d 756, 760 (Tex. Crim. App. 1990). That is the case here. The trial court heard testimony from Sergeant Morales explaining that the discrepancy was a typographical error and that the search did not begin until after the justice of the peace executed the search warrant. The trial court, as the sole trier of fact and judge of Sergeant Morales's credibility at the suppression hearing, was entitled to believe Sergeant Morales's testimony. *See Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Murphy's third issue is overruled.

### III. LEGAL AND FACTUAL SUFFICIENCY

By Murphy's first and second issues, he challenges the legal and factual sufficiency of the evidence supporting his conviction. In conducting a legal sufficiency review, we view

the relevant evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).  We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for the trier of fact.  *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Beckham*, 29 S.W.3d at 151.  Instead, we consider whether the jury reached a rational decision.  *Beckham*, 29 S.W.3d at 151.

In a factual sufficiency review, we review the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or the jury's verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).  This Court will not reverse the jury's verdict unless we can say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the verdict.  *Id*. at 417.

A person commits the offense of possession of a controlled substance with intent to deliver if the person knowingly possesses a controlled substance listed in Penalty Group 1.  TEX. HEALTH AND SAFETY CODE ANN. § 481.112(a).  The health and safety code categorizes cocaine under Penalty Group 1.  *Id* § 481.102 (Vernon Supp. 2008).  An offense under section 481.112(a) is a felony of the first degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants,

four grams or more but less than 200 grams. *Id*. § 481.112(d).

The C.I. testified that, on June 20, 2006, he called Murphy to purchase $550 worth of cocaine, and Murphy told him the transaction would take place at a carwash in Bay City later that afternoon. After the cocaine purchase was arranged, Deputy Brown testified that he pulled Murphy over for two traffic violations, and then Sergeant Morales arrived at the scene. Sergeant Morales testified that two bags containing a white substance fell out of Murphy's shorts while he was being detained for the two traffic violations. Sergeant Morales further testified that, later that day, a third bag containing a white substance was recovered at Murphy's home in an oven mitt.

Amy Arellano, a chemist for the department of public safety, testified that she analyzed three samples that were sent to her in the instant case. She identified the three samples as cocaine and noted the following: (1) the first sample weighed 25.53 grams, (2) the second sample weighed 6.32 grams, and (3) the third sample was an oven mitt with cocaine and the cocaine in the mitt weighed 32.45 grams. Sergeant Galvan testified that Murphy briefly visited his home before he was stopped by Deputy Brown, and that while Murphy was in his home, it did not appear that anyone else was there.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Murphy possessed more than four grams of cocaine with the intent to deliver it. *See Hooper*, 214 S.W.3d at 13; *Escamilla*, 143 S.W.3d at 817. Viewing the evidence in a neutral light, we further conclude that the evidence is not so weak that the jury's verdict seems clearly wrong and manifestly unjust, and that the jury's verdict is not against the great weight and

6

preponderance of the evidence. *Watson*, 204 S.W.3d at 414-15. Thus, the evidence is legally and factually sufficient to support Murphy's conviction. We overrule Murphy's first and second issues.

## IV. Conclusion

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered
and filed this the 18th day of December, 2008.