

NUMBER 13-08-00665-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PHILLIP LUMPKINS A/K/A PHILLIP LUMPKIMS,     **Appellant,**

**v.**

THE STATE OF TEXAS,          **Appellee.**

On appeal from the 28th District Court of
Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

After a bench trial, appellant, Phillip Lumpkins (a/k/a Phillip Lumpkims), was convicted of the offense of aggravated perjury, a third-degree felony, and sentenced to two years' confinement. *See* TEX. PENAL CODE ANN. § 37.03 (Vernon 2003). In a single issue, Lumpkins challenges the legal and factual sufficiency of the evidence supporting his conviction. We affirm.

## I. BACKGROUND

Lumpkins was indicted for the offense of aggravated perjury because he allegedly gave false testimony before a jury during the guilt/innocence phase of a trial where he was defending charges of unauthorized use of a motor vehicle and evading arrest. During the guilt/innocence phase of that trial, Lumpkins answered his counsel's questions as follows:

Defense Counsel: Were you the person that took the [Corpus Christi] egg truck . . . ?

Lumpkins: No, I don't know anything about the truck.

Defense Counsel: Okay. And you weren't driving the truck?

Lumpkins: No, I wasn't driving the truck.

Defense Counsel: And you didn't run it into the—the mound of dirt at the construction site?

Lumpkins: No.

A jury convicted Lumpkins of unauthorized use of a motor vehicle and evading arrest, and at the punishment phase, on cross-examination by the State, Lumpkins was asked:

State: So you lied to the jury that you didn't take that truck?

. . . .

Lumpkins: Your Honor—yeah, I took the truck, Your Honor. Yeah, I took the truck. I have to admit it, you know. I apologize to the Court and to my lawyer, but I really didn't think anybody would believe me anyway. I thought we was just going through the process of defending [myself] because I got a right to defend myself, you know.

Lumpkins was sentenced to two concurrent terms of confinement for one year.

At Lumpkins's trial for aggravated perjury, the trial court admitted the reporter's record from the previous trial and affidavits from the prosecutor and court reporter in the previous case. The trial court also heard arguments from counsel. It then found Lumpkins

2

guilty and sentenced him to two years' confinement, to run concurrently with the two terms of confinement that he was previously sentenced to serve. This appeal ensued.

## II. DISCUSSION

In a single issue, Lumpkins challenges the legal and factual sufficiency of the evidence supporting his conviction. We will briefly outline the standard of review, construe the applicable statute, and analyze Lumpkins's issue.

### A. Standard of Review

In conducting a legal sufficiency review, we view the relevant evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Beckham*, 29 S.W.3d at 151. Instead, we consider whether the jury reached a rational decision. *Beckham*, 29 S.W.3d at 151.

When conducting a factual sufficiency review, we view all of the evidence in a neutral light. *Ladd v. State*, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first

3

prong of *Johnson*, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State*, 204 S.W.3d 404, 416 (Tex. Crim. App. 2006). Under the second prong of *Johnson*, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id*. Before finding that evidence is factually insufficient to support a verdict under the second prong of *Johnson*, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id*. In conducting a factual sufficiency review, we must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

**B.    Applicable Law**

A person commits the offense of perjury, if, with intent to deceive and with knowledge of the statement's meaning, he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath. TEX. PENAL CODE ANN. § 37.02(a)(1) (Vernon 2003). A person commits the offense of aggravated perjury, if he commits perjury and the false statement is made during or in connection with an official proceeding and is material. *Id*. § 37.03. A person may defend a charge of aggravated perjury by claiming that he retracted the false statement before completion of the testimony at the official proceeding and before it became manifest that the falsity of the statement would be exposed. *Id*. § 37.05 (Vernon 2003).

**C.    Analysis**

In his sufficiency challenge, Lumpkins contends that he established the defense of

4

retraction as a matter of law because the phrase "official proceeding," as it is used in the aggravated perjury and retraction sections of the penal code, encompasses both the guilt/innocence and punishment phases of trial. Specifically, Lumpkins argues that his punishment-phase retraction of statements made during the guilt/innocence phase of trial occurred during the same "official proceeding" and that his reading of the statute, as applied to the facts of this case, mandated an acquittal.

Lumpkins's sufficiency challenge turns on whether the guilt/innocence phase of a criminal trial is a separate "official proceeding" or only a "phase" of a single "official proceeding." The code of criminal procedure, case law, and a plain-text reading of the applicable penal code sections militate against Lumpkins's view that the guilt/innocence phase of trial is only a part of one single official proceeding.

First, the code of criminal procedure provides for a bifurcated jury trial by stating that:

> In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

*See* TEX. CODE CRIM. PROCE ANN. art. 37.07, §2(a) (Vernon Supp. 2008).

Second, the court of criminal appeals has interpreted article 37.07 as providing for "two separate proceedings." *See Brumfield v. State*, 445 S.W.2d 732, 741 (Tex. Crim. App. 1969) (plurality op. on reh'g). In *Brumfield*, the court discussed whether the State could recall, over defense counsel's objection, a defendant who had voluntarily testified at the guilt/innocence phase of trial for "further cross-examination" at the punishment phase. *Id*. at 734. The court noted that if article 37.07 "can be interpreted as providing two separate proceedings[,] then it follows that a defendant's waiver of his privilege against

5

self-incrimination by taking the stand at the guilt stage is limited to that particular proceeding." *Id.*[1]

Third, although Black's Law Dictionary does not define "official proceeding," it defines "judicial proceeding" as "any court proceeding; any proceeding initiated to procure an order or decree, whether in law or in equity." *See* BLACK'S LAW DICTIONARY 1324 (9th ed. 2009). Additionally, "criminal proceeding" is defined as "a proceeding instituted to determine a person's guilt or innocence or to set a convicted person's punishment; a criminal hearing or trial." *Id.* In defining "official proceeding" under the "fair import of its terms" standard, we conclude that it applies separately to the guilt/innocence and punishment phases of trial in a court of record. *See generally,* TEX. PENAL CODE ANN. § 1.05(a) (Vernon 2003) (providing that words and phrases in the penal code should be construed "according to the fair import of [its] terms, to promote justice and effect the objectives of the [penal] code.").

Finally, our construction of the phrase "official proceeding" is buttressed by dicta in *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996) (en banc) (per curiam). In *Vaughn*, the defendant, who was indicted for the offense of aggravated assault, testified at both the guilt/innocence and punishment phases of a jury trial. *Id*. at 565. The defendant's guilt/innocence-phase testimony raised the issues of self-defense and defense of a third-party. *Id*. The jury rendered a guilty verdict. *Id*. At punishment, the State asked the defendant if she accepted the jury's verdict and was willing to admit to the members of the jury that the verison of the facts that they believed, as evidenced by the guilty verdict, was true. *Id*. The defendant refused to do so. *Id*. During its closing argument, the State urged a harsh sentence because the defendant refused to accept responsibility for the attack. *Id.* Defense counsel did not object to either the State's line of questioning or the

---

[1] *Brumfield's* holding was later embraced by a majority of the court in *Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989).

6

closing argument. *Id*. On appeal, the defendant asserted that she had been rendered ineffective assistance of counsel. *Id.* The court of criminal appeals overruled the ineffective assistance of counsel issue, and, in dicta, stated:

> A defendant's right to take the stand at the guilt phase of trial and testify in his own behalf does not insulate him from being prosecuted for perjury if he lies in some material way while on the stand. We know of nothing in the Constitution to prevent such a prosecution. A defendant deciding whether to take the stand at the punishment phase of trial is simply confronted with more momentous consequences than the vague threat of a perjury prosecution. Indeed, if a defendant gives testimony at punishment which is inconsistent with testimony given at the guilt phase of the same trial, he has provided the State with evidence constituting a prima facie case of aggravated perjury against the defendant.

*Id*. at 565 (citing TEX. PENAL CODE ANN. §§ 37.03, 37.06 (Vernon 2003)).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact, in this case the trial court, could have found beyond a reasonable doubt that Lumpkins committed the offense of aggravated prejury. *See Hooper*, 214 S.W.3d at 13. Viewing the evidence in a neutral light, we further conclude that the evidence is not so weak that the trial court's verdict seems clearly wrong and manifestly unjust, and that the trial court's verdict is not against the great weight and preponderance of the evidence. *Watson*, 204 S.W.3d at 414-15. We conclude that the evidence is legally and factually sufficient to support Lumpkins's conviction and overrule his sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and filed
this the 1st day of October, 2009.

7